**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| T.S. KAO, INC. d/b/a LUCKY 7 CHINESE FOOD, THE DINNER BELL CAFÉ, INC., BILL'S PIZZA PALM SPRINGS, and BILL'S GRILL 1 LLC, individually and on behalf and all others similarly situated | ) | Civil Action No.: 1:16-cv-04219-SCJ |
| | ) | Honorable Steve C. Jones |
| Plaintiffs, | ) | CLASS ACTION |
| v. | ) | |
| NORTH AMERICAN BANCARD, LLC and GLOBAL PAYMENTS DIRECT, INC., | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants North American Bancard, LLC ("NAB") and Global Payments Direct, Inc. ("Global") hereby file their affirmative defenses and answer to the Consolidated Amended Class Action Complaint of Plaintiffs T.S. Kao, Inc. d/b/a Lucky 7 Chinese Food, et al., as follows:

## AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' Complaint and each allegation therein are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification.

THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of voluntary payments.

FOURTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

FIFTH DEFENSE

Plaintiffs sustained no damage as a direct and proximate result of any alleged act or omission of Defendants.

SIXTH DEFENSE

Plaintiffs' Complaint fails because Defendants did not breach any contract with Plaintiffs.

SEVENTH DEFENSE

Plaintiffs' fraud-based claims fail because Plaintiffs have a contract governing the conduct Plaintiffs claim is fraudulent.

EIGHTH DEFENSE

To the extent that Plaintiffs or their agents knew the truth of the alleged misrepresented facts or knew of the omitted facts, the Complaint must be dismissed.

NINTH DEFENSE

To the extent that the truth of the alleged misrepresented facts were available to the Plaintiffs or to the members of the putative class, or to the extent the omitted facts were available to Plaintiffs or to the members of the putative class, the Complaint must be dismissed.

TENTH DEFENSE

Plaintiffs' claims may not be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because they fail to meet the requirements for such an action.

ELEVENTH DEFENSE

Plaintiffs' claims may not be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because they have waived any right to pursue their claims on a class action basis.

TWELFTH DEFENSE

Plaintiffs' demand for a jury trial is ineffective because Plaintiffs have waived any right to trial by jury.

THIRTEENTH DEFENSE

Plaintiffs' claims are barred by their failure to satisfy conditions precedent. By way of example and in particular, each of the Plaintiffs failed to give appropriate notice under their respective limitation of liability clauses in Section 12 of each of their merchant agreements. That clause provides:

> It is agreed that in no event will Global Direct or Member be liable for any claim, loss, billing error, damage, or expense caused by Global Direct's or Member's performance or failure to perform hereunder which is not reported in writing to Global Direct by Merchant within 60 days of such failure to perform or, in the event of a billing error, within 90 days of the date of the invoice or applicable statement. Merchant expressly waives any such claim that is not brought within the time periods stated herein.

FOURTEENTH DEFENSE

Plaintiffs' contract claims are barred by the doctrine of accord and satisfaction.

FIFTEENTH DEFENSE

Plaintiffs' claims fail because they did not rely on any claimed misrepresentation.

SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the limitation of liability clause in their contracts.

SEVENTEENTH DEFENSE

Defendants reserve the right to assert such other and affirmative defenses as may arise through the course of this proceeding and/or which may be learned of through discovery.

## ANSWER

Subject to Defendants' affirmative defenses, Defendants answer the allegations of the Complaint as follows:

Defendants deny any factual allegations contained in the headings of Plaintiff's Class Action Complaint unless specifically admitted herein.

1. Defendants admit that Plaintiffs in this suit purport to represent a class against NAB and Global challenging the amount and nature of payment processing fees that have been imposed. Defendants admit that NAB is a nationally-operating merchant services company and that Global is a multinational payment card processor. Defendants deny the remaining allegations in Paragraph 1.

2. Admitted, except that NAB clarifies that it does not provide payment card processing services for the Plaintiffs; rather, NAB provided services consistent with its role as a merchant service company.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendants admit that the processing of a credit card transaction can involve parties other than the merchant who receives payment and the customer who provides such payment. Defendants deny the remaining allegations in Paragraph 5.

a. Defendants admit that the card issuer is the company that issues a credit or debit card to the customer, that it is often a bank, and that the bank charges a fee. Defendants admit that fees can vary based on the type of card used. Defendants admit that certain fees may be collected by the payment card processor from the merchant involved in a transaction. Defendants deny the remaining allegations in Paragraph 5(a).

b. Defendants admit that Visa, MasterCard, Discover, and American Express are card networks and that the card networks charge certain

fees. Defendants further admit that Visa has, at times, charged an APF fee and MasterCard has, at times, charged a NABU fee. Defendants admit that certain fees may be collected by the payment card processor from the merchant involved in a transaction. Defendants deny the remaining allegations in Paragraph 5(b).

c. Defendants admit that Global is a payment processor and that Global is partially responsible for preparing monthly invoices for each merchant. Defendants further admit that a payment processor processes card payments through the card network, which processing may involve the debiting or crediting of merchant accounts and the routing of funds to various parties. Defendants deny the remaining allegations in Paragraph 5(c).

d. Defendants admit that member banks sponsor payment processors for certain networks so that they may process transactions through the card networks. Defendants deny the remaining allegations in Paragraph 5(d).

e. Defendants admit that NAB is an ISO, that it is a merchant acquirer, and that merchant acquirers market payment processors' services to merchants, submit merchant applications for payment processing or assist in that process, and provide customer support to the merchant. Defendants deny the remaining allegations in Paragraph 5(e).

6. Defendants admit that a merchant that wants to accept credit and debit cards as a form of payment may contract with a payment processor and/or merchant acquirer, and refer to any such contract for the terms thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

a. Denied.

b. Defendants admit that fees charged to merchants are reflected on the merchants' monthly billing statements and that certain of these fees may be negotiated. Defendants deny the remaining allegations in Paragraphs 6(b).

7. Denied.

8. Defendants deny the allegations of Paragraph 8 to the extent they are intended to describe Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 as to other companies.

9. Defendants deny the allegations of Paragraph 9 to the extent they are intended to describe Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 as to other companies.

10. Denied.

11. Paragraph 11 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

12. Defendants admit that Lucky 7 received payment processing services from Defendants from 2013 to 2016. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Defendants admit that Dinner Bell received payment processing services from Defendants from April 2013 to December 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Defendants admit that Bill's Pizza received payment processing services from Defendants from April 2013 to December 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Defendants admit that Bill's Grill received payment processing services from Defendants from April 2013 to December 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Admitted.

17. Admitted, except that the allegations concerning Global's website information are outdated and inaccurate and are therefore denied.

18. Denied.

19. Admitted.

20. Defendants admit that venue lies within this judicial district but deny that Defendants have committed any acts or omissions that would give rise to liability.

21. NAB denies that the quoted language is on its website. This paragraph is not directed at Global, which responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21.

22. NAB admits that it participates in enrolling merchants for payment processing and provides customer support to merchants. NAB denies the remaining allegations in Paragraph 22. This paragraph is not directed at Global, which responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

23. To the extent the allegations of Paragraph 23 are directed at NAB and Global, they are denied, except that NAB admits that the predominant pricing model it currently uses is "interchange-plus." To the extent Paragraph 23 is an attempt to define or describe "interchange-plus" pricing models, including those

used by NAB, it is denied. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations regarding what other companies do.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24.

25. Defendants admit that the quoted language appears at the website cited in Paragraph 25. Defendants deny the remaining allegations in Paragraph 25.

26. NAB admits that Global processes payments for some of NAB's merchants and that Global is a payment processing company. NAB further admits that First Data processes payments for some of NAB's merchants and that First Data is a payment processing company. NAB denies the remaining allegations in Paragraph 26.

Paragraph 26 is not directed at Global, which therefore denies its allegations, except to admit that it provides payment processing services for some of NAB's merchant customers.

27. Defendants admit that NAB has contracted with Global to provide payment processing services to merchants for over a decade. Defendants deny the remaining allegations in Paragraph 27.

28. NAB admits that newly boarded merchants execute a Merchant Service Agreement. NAB denies all merchants receive and execute the same

Merchant Service Agreement attached as Exhibit 1, and responds that these agreements can vary from merchant to merchant and each speaks for itself. NAB denies the remaining allegations in Paragraph 28.

This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, except to respond that the merchant agreements can vary from merchant to merchant and that each speaks for itself.

29. Admitted.

30. Defendants admit that NAB's logo and phone number appear at the top of the application, and that the quoted language appears on Exhibit 1 to the Amended Complaint. By way of further answer, Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants admit that NAB is a party to the Agreements signed by Plaintiffs. Defendants deny any remaining allegations in Paragraph 30.

31. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants admit that the Terms impose obligations on NAB. Defendants admit that the quoted language appears in the Court's Order. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants state that the Application is part of the Agreement and that the Agreement speaks for itself, and deny Plaintiffs' characterization of the application, which is inaccurate and incomplete. Defendants deny any allegations in Paragraph 32 that are inconsistent with the Agreement.

33. Denied.

34. Denied.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, except to admit that applications can vary from merchant to merchant and each speaks for itself. The remaining allegations of Paragraph 35 are denied.

36. Defendants state that the Agreement attached at Exhibit 1 speaks for itself. Defendants deny any allegations in Paragraph 36 that are inconsistent with the Agreement. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants admit that each Plaintiff signed a version of the Merchant Service Agreement and that those agreements are attached to the Amended Complaint as alleged in this Paragraph; Defendants state that the Agreement and

Exhibits referenced in Paragraph 37 speak for themselves. Defendants deny any allegations in Paragraph 37 that are inconsistent with the Exhibits.

38. Denied.

39. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants state that the applications speak for themselves. Defendants deny any allegations in Paragraph 39 that are inconsistent with the applications. Defendants deny any remaining allegations in Paragraph 39.

40. Admitted.

41. Defendants note that Paragraph 41 is argument, not a statement of fact. To the extent Paragraph 41 requires a response, Defendants deny its allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants admit that the Agreements extend for a set period of time and may contain an early termination fee. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that it requires merchants doing business with Defendants to sign applications, which form part of any contractual relationship with Defendants. Defendants deny the remaining allegations in Paragraph 42.

43. NAB denies the allegations in Paragraph 43. This Paragraph is not directed at Global, which responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43.

44. Denied.

45. Defendants admit that Global carried out the process of preparing NAB-branded merchant statements. Defendants deny the remaining allegations in Paragraph 45.

46. Denied.

47. To the extent Paragraph 47 contains any factual allegations to which Defendants can respond, it is denied.

48. Denied.

49. Defendants admit that Plaintiffs were charged various fees for Services provided by Defendants or others, but deny that these fees are not authorized. These fees are disclosed to Plaintiffs, including, for example, on their respective statements, which are attached to this Answer as Exhibits A-D, respectively, and which statements speak for themselves. Defendants deny any allegations in Paragraph 49 that are inconsistent with the statements, and deny the remaining allegations of Paragraph 49.

50. Defendants deny that putative class members were charged fees that were not authorized and deny any remaining allegations of Paragraph 50.

51. Defendants admit that Plaintiff Lucky 7 was charged a monthly minimum discount fee, a batch header fee, and a chargeback fee, but denies that these fees were not applicable or not authorized. Defendants deny the remaining allegations of Paragraph 51.

52. Denied.

53. Defendants admit that certain merchants are charged for a My Biz Perks Program and admit that Plaintiffs' applications reference a 60-day free trial of the My Biz Perks Program. Defendants deny the remaining allegations in Paragraph 53.

54. Paragraph 54 does not contain any factual allegations to which Defendants can respond, and is therefore denied. Defendants further deny that Plaintiffs were charged fees that were unauthorized and object to the designation, "Junk Fees."

55. Denied.

56. Denied.

57. Defendants admit that each of the Plaintiffs initially agreed to pay Defendants the fees referenced in this Paragraph, among other fees.

58. Defendants admit that each Plaintiff agreed to pay basis points, and those basis points can be indicated on a monthly statement under "DISC RATE" or are otherwise disclosed on merchant statements. Defendants admit Plaintiffs are not challenging the basis points. The remaining allegations of Paragraph 58 are denied.

59. Defendants admit Plaintiffs and putative class members were charged the agreed-upon processing fee in the form of basis points. The remaining allegations of Paragraph 59 are denied.

60. Denied.

61. Defendants state that Exhibits 2-5 speak for themselves and deny any allegations in Paragraph 61 that are inconsistent with the Exhibits. Defendants deny any remaining allegations in Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants state that the Application is part of the Agreement and that the Agreement speaks

for itself. Defendants deny any allegations in Paragraph 65 that are inconsistent with the Agreement. Defendants deny any remaining allegations in Paragraph 65.

66. Denied.

67. Defendants admit that Visa, MasterCard, and Discover assessments were increased and that they are listed on Plaintiffs' monthly statements. Defendants deny the remaining allegations in Paragraph 67.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants admit that the Terms are part of the Agreement and Plaintiffs agreed to a number of terms and conditions that limit their rights. Plaintiffs have not complied with all of these terms. Further, the allegations of Paragraph 73 do not set forth the Terms completely and accurately (for example, some billing errors must be raised within 60 days, not 90 days); the Terms in the Agreement speak for themselves. Defendants deny that sub-paragraph (c) is a statute of limitation; rather, it is a condition precedent that Plaintiffs did not satisfy

and which bars their claims. Defendants deny any allegations in Paragraph 73 to the extent they are inconsistent with the Agreement.

74. Denied.

75. Denied.

76. Defendants admit that all Plaintiffs were customers in 2013. Defendants deny the remaining allegations in Paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. NAB admits that it hosted sales conferences from time to time in Detroit, Michigan, and that certain of its executives gave presentations at those conferences. NAB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 81.

82. NAB admits that Marc Gardner participated in sales conferences hosted by NAB and participated in a question-and-answer session. NAB admits

that portions of its sales conferences were videoed, and that it has possession of video from the conference.

This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 82.

83. NAB denies this allegation. This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 83.

84. NAB denies this allegation. This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84.

85. NAB denies this allegation. This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85.

86. NAB denies this allegation. This Paragraph is not directed at Global, which responds that it does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86.

87. Denied.

88. Denied.

89. Admitted, with the qualification that applications can vary from merchant to merchant and each speaks for itself.

90. Denied.

91. Denied.

92. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92.

93. NAB denies this allegation. Global does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93.

94. Denied.

95. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95.

96. Denied.

97. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants state that the Terms are part of the Agreement and that the Agreement speaks for itself. Defendants deny any allegations in Paragraph 97 to the extent they are inconsistent with the Agreement. Defendants deny the remaining allegations in Paragraph 97.

98. Denied.

99. Admitted.

100. Paragraph 100 states legal argument, rather than a factual allegation that can be admitted or denied. To the extent Paragraph 100 requires a response, it is denied.

101. Denied.

102. Paragraph 102 states legal argument. To the extent any response is required, Defendants admit that the quoted language appears in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997), but deny that it applies to this case.

103. Paragraph 103 states legal argument. To the extent any response is required, Defendants admit that the quoted language appears in *In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989), but deny that it applies to this case.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Paragraph 108 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

109. Paragraph 109 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

110. Paragraph 110 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

111. Paragraph 111 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

112. Paragraph 112 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

113. Paragraph 113 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

114. Paragraph 114 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

COUNT ONE
Breach of Contract and Breach of the
Covenant of Good Faith and Fair Dealing

123. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

124. Paragraph 124 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

125. Defendants admit that Plaintiffs and Defendants have contracted for payment processing services. Defendants deny the remaining allegations in Paragraph 125.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied, except to admit that certain merchants' fees and rates were increased over time. Defendants deny that these increases were inappropriate, unauthorized, or wrongful.

131. Denied.

132. Denied.

133. Denied.

134. Admitted.

135. Paragraph 135 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they breached the covenant of good faith and fair dealing and deny any remaining allegations in Paragraph 135.

136. Paragraph 136 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they breached the covenant of good faith and fair dealing and deny any remaining allegations in Paragraph 136.

137. Denied.

138. Defendants deny that any of Plaintiffs' or the putative class members' contractual obligations are waived. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138.

139. Denied.

140. Denied.

COUNT TWO
Fraudulent Omission

141. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

142. Paragraph 142 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

143. Denied.

144. Denied.

145. Defendants deny this allegation to the extent it purports to apply to every merchant application, as each merchant relationship is unique. Defendants state that the Application is part of the Agreement and that the Agreement speaks for itself. Defendants deny any allegations in Paragraph 145 that are inconsistent with the Agreement. Defendants deny the remaining allegations in Paragraph 145.

146. Defendants admit that Plaintiffs and other merchants executed Merchant Applications. Defendants deny the remaining allegations in Paragraph 146.

147. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147.

148. Defendants deny overcharging fees and assessments. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 148.

149. Defendants deny imposing "unauthorized Junk Fees," and object to the characterization of any fees as "Junk Fees." Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 149.

150. Denied.

151. Denied.

152. Defendants do not have sufficient knowledge or information to form a belief as to the truth of whether putative class members would have continued obtaining payment card processing services. Defendants deny the remaining allegations in Paragraph 152.

153. Denied.

## COUNT THREE
## Fraudulent Misrepresentation

154. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

155. Paragraph 155 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Defendants admit that Plaintiffs and other merchants executed Merchant Applications. Defendants deny the remaining allegations in Paragraph 163.

164. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

COUNT FOUR
Fraudulent Inducement

171. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

172. Paragraph 172 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Paragraph 182 does not contain any factual allegations to which Defendants can respond, and it is therefore denied.

COUNT FIVE
Unjust Enrichment and Money Had and Received

183. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

184. Defendants admit that Plaintiffs purport to bring this action as a class action but deny that this suit is appropriate for adjudication as a class.

185. Denied.

186 Denied.

187. Denied.

188. Denied.

189. Paragraph 189 does not contain any factual allegations to which Defendants can respond, and it is therefore denied.

COUNT SIX
For Declaratory Relief Concerning Enforceability of Exculpatory and/or Unconscionable Contract Terms

190. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 122 as if fully set forth herein.

191. Defendants admit that Plaintiffs purport to bring this action as a class action but deny that this suit is appropriate for adjudication as a class.

192. Denied.

193. Defendants admit that the Terms are part of the Agreement and Plaintiffs agreed to a number of terms and conditions that limit their rights. Plaintiffs have not complied with all of these terms. Further, the allegations of Paragraph 193 do not set forth the Terms completely and accurately (for example, some billing errors must be raised within 60 days, not 90 days); the Terms in the Agreement speak for themselves. Defendants deny that sub-paragraph (c) is a statute of limitation; rather, it is a condition precedent that Plaintiffs did not satisfy and which bars their claims. Defendants deny any allegations in Paragraph 193 to the extent they are inconsistent with the Agreement.

194. Paragraph 194 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195. Paragraph 195 states legal argument. To the extent any response is required, Defendants admit that the court in *JVC America, Inc.,* 2007 WL 2443735 quotes an opinion stating that "exculpatory clauses waive substantial rights." Defendants deny that the above opinion states that exculpatory clauses are contractual "provisions entirely restricting remedies" and deny that the Agreement is unenforceable.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Paragraph 202 does not contain any factual allegations to which Defendants can respond, and is therefore denied.

REQUEST FOR RELIEF

Defendants deny the allegations in Plaintiffs' Prayer for Relief, deny that Plaintiffs are entitled to any relief whatsoever, and deny that Plaintiffs are entitled to a trial by jury.

WHEREFORE, Defendants pray that:

1. The relief sought be denied;

2. This action be dismissed with prejudice;

3. All costs of this action be taxed against Plaintiffs; and

4. Defendants be awarded such other and further relief as the Court deems proper.

Respectfully submitted this 16th day of January, 2018.

*/s/ Robert B. Remar*

Robert B. Remar
Ga. Bar No. 600575
Joshua P. Gunnemann
Ga. Bar No. 152250
Rachel M. Bishop
Ga. Bar No. 764613

*Counsel for Defendants*

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303
Phone: 404-522-4700
Facsimile: 404-525-2224
rremar@rh-law.com
jgunnemann@rh-law.com
rbishop@rh-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| T.S. KAO, INC. d/b/a LUCKY 7 CHINESE FOOD, THE DINNER BELL CAFÉ, INC., BILL'S PIZZA PALM SPRINGS, and BILL'S GRILL 1 LLC, individually and on behalf and all others similarly situated | ) | Civil Action No.: 1:16-cv-04219-SCJ |
| | ) | Honorable Steve C. Jones |
| Plaintiffs, | ) | CLASS ACTION |
| v. | ) | |
| NORTH AMERICAN BANCARD, LLC and GLOBAL PAYMENTS DIRECT, INC., | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**
**<u>AND COMPLIANCE WITH LOCAL RULE 5.1</u>**

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 16th day of January, 2018.

*/s/ Robert B. Remar*

Robert B. Remar
Ga. Bar No. 600575
Joshua P. Gunnemann
Ga. Bar No. 152250
Rachel M. Bishop
Ga. Bar No. 764613

*Counsel for Defendants*

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303
Phone: 404-522-4700
Facsimile: 404-525-2224
rremar@rh-law.com
jgunnemann@rh-law.com
rbishop@rh-law.com