IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.S. KAO, INC. d/b/a LUCKY 7 CHINESE FOOD, THE DINNER BELL CAFÉ, INC., BILL'S PIZZA PALM SPRINGS, and BILL'S GRILL 1 LLC, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>NORTH AMERICAN BANCARD, LLC, and GLOBAL PAYMENTS DIRECT, INC.<br><br>                Defendants. | Case No. 1:16-CV-04219-SCJ<br><br>(Consolidated with Case No. 1:15-CV-03059-SCJ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

DiCello Levitt & Casey LLC ("DLC"), one of the firms representing Plaintiffs in this matter, respectfully submits this memorandum in support of its motion for an order quashing the subpoena requesting production of documents (the "Subpoena"),[1] by counsel for North American Bancard, LLC ("NAB").[2] DLC

---

[1] DLC accepted service of the Subpoena on October 2, 2018.

[2] The Subpoena was filed with the Court on October 1, 2018. Doc. No. 96-1.

brings this motion pursuant to Federal Rule of Civil Procedure 45(d) and for a protective order pursuant to Rule 26(c).

## INTRODUCTION AND FACTUAL BACKGROUND

After Plaintiffs' counsel moved to quash NAB's subpoena directed at David Reiter seeking documents that were both work-product protected and attorney-client privileged, NAB sought to obtain the documents another way—by serving DLC with a subpoena. Before burdening the Court with yet another discovery motion on the eve of the discovery deadline (when other, substantive issues may still need to be briefed[3]), DLC objected, and asked counsel for NAB to withdraw the subpoena until the Court has the opportunity to rule on the pending motions concerning Mr. Reiter.[4]

The Subpoena served on DLC is the same subpoena that NAB served on Grant & Eisenhofer ("G&E") and for good reason: the protected documents NAB

---

[3] Plaintiffs' counsel informed courtroom deputy Pamela Wright via email on September 24, 2018, that the parties were at an impasse regarding the scope of certain discovery. Ms. Wright informed the parties to contact the Court again the week of October 8 if the parties were still unable to agree. Plaintiffs' counsel informed Ms. Wright that they continued to have a dispute yesterday, October 8, and are prepared to brief and discuss the issue with the Court.

[4] Declaration of Amy E. Keller ("Keller Decl."), Exhibit A. Counsel objected to the subpoena on the return date for the subpoena (a Court holiday), providing counsel for NAB with a full business day to withdraw the subpoena so as to not burden the Court.

is seeking arise from the time when one of DLC's founding partners, Adam Levitt, worked for G&E.  Accordingly, while the majority of the documents at issue are solely within G&E's possession, custody, and control, DLC has a limited number of documents, including a copy of the consulting agreement that G&E executed with Doffermyre Shields Canfield & Knowles LLP ("DSCK") and Mr. Reiter. Work product, as well as attorney-client communications with Mr. Reiter, are already subject to DLC's motion to quash a subpoena seeking identical documents. Doc. No. 68.  NAB cannot continue to seek the same documents subject to motion practice by serving seriatim subpoenas.  Since NAB has not withdrawn the subpoena, DLC has no choice but to file this brief with the Court to protect work product and attorney-client communications with Mr. Reiter, and join G&E's motion filed on October 8, 2018.  Doc. No. 100.

## ARGUMENT

Under Rule 45(d)(3)(A)(iii) and (iv), the Court *must* quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or which "subjects a person to undue burden."[5]  Additionally, as

---

[5] Additionally, pursuant to Rule 45(d)(3)(A)(i), the Court must quash a subpoena that "fails to allow a reasonable time to comply."  The subpoena issued to DLC required compliance on a Court holiday only six days after counsel accepted service.  Although NAB sought the same documents from other individuals,

explained in G&E's motion to quash, subpoenas directed to counsel are highly disfavored, and must satisfy the test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *See Langdale Co. v. Natl. Union Fire Ins. Co. of Pittsburgh*, No. 85-2442, 2013 WL 12067452, at *3 (N.D. Ga. June 20, 2013) (finding *Shelton* "persuasive" and applying its test to a subpoena to counsel). Under *Shelton*, a subpoena to counsel must be quashed unless "(1) no other means exist to obtain. . . [the requested] information than to [or require production by opposing counsel]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F.2d at 1327. The Subpoena is deficient under both Rule 45 and *Shelton* and must be quashed.

### A. NAB's Last-Minute Discovery Antics Should Not Be Tolerated

Discovery in this case is set to close on October 15, 2018; however, NAB has issued six subpoenas on two of the law firms representing Plaintiffs in this matter, in addition to four third parties, since September 24. *See* Doc Nos. 91 (Alex Nouri), 92 (David Reiter), 94 (First Data Merchant Services), 95 (Wells Fargo Bank, N.A.), 96 (G&E and DLC). NAB's subpoenas are "a plain attempt to circumvent the 30-day response time for requests for production." *Griffin v. Bank*

---

subject to DLC's earlier motion to quash, the time to comply is still unreasonable. *Antech Diagnostics, Inc. v. Posner*, No. 17-80185, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 17, 2017) (quashing subpoena with responses due in seven days and observing that "14 days is presumptively reasonable.").

4

*of America Corp.*, No. 09-cv-01144, 2010 WL 11598112, at *1 (N.D. Gal. Feb. 8, 2010) (noting that "Plaintiffs had ample time to file a Request for Production of Documents for those records but elected not to do so," and granting a protective order and quashing subpoena seeking production of certain records from opposing counsel.").

### B. NAB's Attempt to Obtain Documents from Counsel is Improper

Under *Shelton*, a subpoena to counsel must be quashed unless "(1) no other means exist to obtain [the requested] information than to depose opposing counsel [or require production by opposing counsel]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F.2d at 1327.  The Subpoena fails each of these criteria.

First, NAB has already demonstrated—by its service of subpoenas on both Alex Nouri and David Reiter—that other means exist to obtain the requested documents in this case.  NAB's Subpoena is little more than an effort to circumvent pending motions. *Martinec v. Party Line Cruise Co.*, No. 1:08-CV-02429-CC-SSC, 2008 WL 11417314, at *4 (N.D. Ga. Sept. 2, 2008) (granting motion for protective order and quashing subpoena seeking documents from counsel because "less intrusive, less expensive means of obtaining [the same] information . . . are available").

Second, as has been discussed in the other pending motions related to Mr. Reiter's subpoena, the information is protected by the attorney-client privilege and completely irrelevant. NAB cannot sustain its burden to "show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege." *West Peninsular Title Co.*, 132 F.R.D. at 301 (granting protective order to prevent deposition of party's counsel).

Finally, the documents sought by the Subpoena have nothing to do with the claims or defenses in this litigation. As noted by DLC's previous motion to quash (Doc No. 68-1 at 4-5), and Plaintiffs' motion for protective order related to the subpoena served upon David Reiter (Doc. No. 69-1 at 6), NAB's Subpoena is a baseless fishing expedition, seeking documents relating to communications that Mr. Reiter had with counsel about a lawsuit he contemplated bringing, but never brought, and consulting services Mr. Reiter provided that related to investigations against potential defendants other than NAB.[6]

---

[6] As Plaintiffs' counsel argues in its reply in support of its motion to quash, Doc No. 101 at 13, if NAB asserts Mr. Reiter violated a contract between NAB and Mr. Reiter, NAB may bring its own lawsuit against him. This action is not the place to litigate such issues as the scope, construction, and enforceability of the NDA or to conduct discovery relating to Mr. Reiter's actions. Moreover, Plaintiffs' counsel also argued that the NDA (about which they had no knowledge) cannot be used by NAB to limit Plaintiffs' access to relevant evidence in this case. Accordingly, whether Mr. Reiter violated the NDA has no relevance here.

### C. The Subpoena Seeks Privileged or Protected Materials

Under Rule 45(d)(3)(A)(iii) and (iv), the Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." As explained in their previous motion to quash, Plaintiffs' counsel have no issue with allowing NAB's discovery into documents and information Mr. Reiter may have relating to this lawsuit. Indeed, a deposition of Mr. Reiter is already scheduled to proceed in Cleveland, Ohio, on October 10, 2018, and Plaintiffs have already produced documents relating to Mr. Reiter's limited involvement. DLC, however, does oppose production of any documents involving potential lawsuits against other parties that were generated in connection with a consulting agreement with Mr. Reiter a year after this lawsuit was filed. Those documents are clearly work-product protected. NAB also improperly seeks documents protected by the attorney-client privilege that were generated during the representation of Mr. Reiter in connection with a possible earlier lawsuit on his behalf that was never filed.

### D. The Court Should Issue a Protective Order

For reasons similar to those set forth in the preceding sections, "good cause" exists for the issuance of a protective order prohibiting enforcement of the Subpoena. To show good cause under Rule 26(c), the movant must provide "a

7

sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Such good cause exists where the discovery sought from a third party is irrelevant to the litigation. *Sheets v. Villas*, No. 8:15-cv-1674-T-30JSS, 2016 WL 3021889, at *2-3 (M.D. Fla. May 26, 2016). The documents requested by the Subpoena are irrelevant to the claims and defenses in this litigation as they appear to pertain solely to *potential* contract disputes involving NAB or Mr. Reiter. Defendants are merely fishing for documents they surmise may support them in their bid to pursue nonparties—a complete sideshow designed to chill the discovery process with no bearing on this case.

### E.     The Court Should Award Counsel's Fees and Costs in Bringing this Motion

NAB has a duty, under Rule 45(d)(1), to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." NAB is already seeking the same information it is seeking from DLC in a subpoena directed to David Reiter, which is subject to motion practice. Rather than allow the Court to rule on those pending motions, NAB served subpoenas on Plaintiffs' law firms, seeking the same information. Accordingly, awarding DLC's fees and costs in connection with this motion is appropriate under Rule 45(d)(1). *See Thompson v. Carrier Corp.*, No. 3:06-CV-90 (CDL), 2009 WL 3446391, at *2

8

(N.D. Ga. Oct. 21, 2009) (granting motion for protective order and quashing subpoena served upon defendant and its counsel and awarding attorney's fees against plaintiff).

## CONCLUSION

For the reasons set forth above, the undersigned requests that their motion to quash the Subpoena be granted, and that the Court issue a protective order prohibiting the discovery sought by the Subpoena.

Dated:  October 9, 2018

/s/ Amy E. Keller
Adam J. Levitt (*pro hac vice*)
Amy E. Keller (*pro hac vice*)
Laura E. Reasons (*pro hac vice*)
Adam Prom (*pro hac vice*)
DiCello Levitt & Casey LLC
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois  60602
Phone:  (312) 214-7900
Email:  alevitt@dlcfirm.com
          akeller@dlcfirm.com
          lreasons@dlcfirm.com
          aprom@dlcfirm.com

/s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga. Bar No. 107744
Jonathan Palmer
Ga. Bar No. 453452
Doffermyre Shields Canfield
   & Knowles, LLC

9

1355 Peachtree Street, NE, Suite 1900
Atlanta, Georgia  30303
Phone:  404-881-8900
Email:  kcanfield@dsckd.com
	jpalmer@dsckd.com

David M. Buckner
Seth Miles
Buckner & Miles
3350 Mary Street
Miami, Florida  33133
Phone:  (305) 964-8003
Email:  david@bucknermiles.com
	seth@bucknermiles.com

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Local Rule 5.1 (C), that the foregoing pleading has been prepared using 14-point Times New Roman font.

*/s/ Amy E. Keller*
Amy E. Keller

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2018, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which automatically sends email notification of such filing to all attorneys of record.

*/s/ Amy E. Keller*
Amy E. Keller
