IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.S. KAO, INC. d/b/a LUCKY 7 CHINESE FOOD, THE DINNER BELL CAFÉ, INC., BILL'S PIZZA PALM SPRINGS, and BILL'S GRILL 1 LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTH AMERICAN BANCARD, LLC, and GLOBAL PAYMENTS DIRECT, INC.,<br><br>    Defendants. | Case No. 1:16-CV-04219-SCJ<br><br>(Consolidated with Case No. 1:15-CV-03059-SCJ) |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the following motions: (1) plaintiffs' unopposed motion for final approval of the parties' proposed settlement, which was preliminarily approved by the Court, and certification of the settlement class (Doc. 132); and (2) plaintiffs' motion for attorneys' fees, expenses, and service awards to the class representatives. (Doc. 131) Having considered the written submissions and after oral argument at a hearing on August 20, 2019, the Court

hereby grants both motions for the reasons set forth below.

## BACKGROUND

(1) North American Bancard, LLC ("NAB") is in the business of providing account management and merchant support services in connection with processing payment card transactions for merchants. Along with Global Payments Direct, Inc. ("Global"), NAB ensures the transactions are properly documented and the accounts of those involved are properly debited and credited. Under its contracts with merchants, NAB is to collect from them the fees charged by the card networks and financial institutions, assess other authorized fees, and send monthly statements summarizing the transactions.

(2) Alleging defendants improperly inflated certain charges by small amounts and collected unauthorized fees, plaintiffs sued to recover the overcharges on behalf of a national class of other merchants who contracted with defendants. Plaintiffs also seek to invalidate provisions in their merchant agreements that allegedly give defendants discretion to increase and add fees, limit damages, shorten the limitations period, ban class actions, and require merchants to pay defendants' attorneys' fees even when the merchants prevail. Defendants deny all of plaintiffs' allegations and contend the claims have no merit.

(3) Plaintiffs filed a consolidated amended complaint on February 22,

2017, asserting claims for breach of contract, fraud, unjust enrichment, and money had and received. Defendants moved to strike Plaintiffs' class action allegations and to dismiss for lack of subject matter jurisdiction. That motion was denied on December 15, 2017. Defendants answered on January 16, 2018 and, on March 2, 2018, moved for judgment on the pleadings. On October 18, 2018, three days after the completion of a period of robust fact discovery and at the parties' request, the Court stayed the action for 90 days to permit settlement discussions. After mediation proved unsuccessful, the parties informed the Court and the litigation recommenced.

(4) The parties nevertheless continued to discuss settlement, and on February 12, 2019, plaintiffs entered into binding memoranda of understanding with NAB and Global. On April 15, 2019, after plaintiffs and NAB had signed a comprehensive settlement agreement, plaintiffs submitted the agreement to the Court and moved for an order directing notice to the class. (Doc. 127) The Court granted the motion two days later. (Doc. 128) On May 1, 2019, the parties asked the Court to amend its order to change the date for the end of the class period from April 17, 2019 to March 31, 2019. (Doc. 129) The Court granted the motion the same day. (Doc. 130)

(5)     Pursuant to the plan previously approved by the Court, notice has been disseminated to the class. Out of approximately 370,000 class members who were given notice, none objected to the proposed settlement. Two class members opted out.

## SETTLEMENT TERMS

(6)     In broad brush strokes, the settlement agreement provides that NAB will fund a settlement fund of $15 million that will be used to pay cash benefits to class members, costs of notice and administration, attorneys' fees and expenses, and service awards. All class members are eligible to receive a cash payment. Current customers will automatically receive a cash payment by means of a credit to their accounts. Former customers, who lack an NAB account, must submit a claim and will be paid by check. Unclaimed monies will be distributed to current and former customers filing valid claims, excepting those with minimal damage. No settlement proceeds will revert to NAB.

(7)     NAB also has agreed to the following business practice changes for at least five years: (1) before raising or adding fees, NAB will notify customers at least 30 days in advance; (2) affected class members will have 45 days from the date of the change to terminate their merchant agreements without incurring a substantial early termination penalty; (3) NAB will waive contractual requirements

that class members pay its fees and costs in any dispute they win; and (4) in the future, the prevailing party in any dispute (whether NAB or a class member) will be entitled to fees and expenses.  These changes do not apply to those who have entered or enter into new merchant agreements.

(8)     In conjunction with the settlement, the class will release defendants from the claims that were or could have been raised in this case.  Class members specifically retain all rights to challenge invoices sent by defendants after March 31, 2019.  In turn, NAB has agreed to release the class from certain fees, charges and other expenses related to payment card processing services that were provided before January 31, 2019.

## APPROVAL OF CLASS NOTICE

(9)     The class has been notified of the settlement pursuant to the plan approved by the Court.  After having reviewed the Declaration of the Settlement Administrator, the Court hereby finds that notice was accomplished in accordance with the Court's directive.  The Court further finds that the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process and Fed. R. Civ. Proc. 23.  The Court also finds that the requirements of 28 U.S.C. § 1715 have been satisfied.

## APPROVAL OF THE SETTLEMENT

(10)   The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached without collusion or fraud; and satisfies all of the requirements for final approval.  In so doing, the Court has considered each of the criteria in Rule 23(e) and hereby finds that:  (a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the class, the terms of the proposed award of attorney's fees, and any agreement required to be identified under Rule 23(e)(3); and (d) the proposal treats class members equitably relative to each other.

(11)   The Court also finds, based on the well-developed record, that class counsel were well prepared, understood the merits of the case, and had sufficient information to evaluate the proposed settlement; that class counsel reasonably concluded the settlement recovers between 16 and 40 percent of the overcharges that likely could be recovered if the case went to trial; and that the settlement is an excellent result for the class considering all of the significant risks and substantial expense of continued litigation, particularly since the class will receive the benefits

of the settlement immediately.

(12)   In making these findings, the Court has relied upon its knowledge of the litigation and the risks faced by plaintiffs; the terms of the settlement agreement and the benefits it makes available to the settlement class; the motions and supporting papers submitted by plaintiffs; the opinions of class counsel and the class representatives; and the opinion of former Georgia Attorney General Michael Bowers, who after studying the record concluded that the settlement provides the class with a "very substantial recovery under difficult conditions."

(13)   Accordingly, pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the proposed settlement and finds that the settlement, the settlement agreement, and the allocation plan for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

## CERTIFICATION OF THE SETTLEMENT CLASS

(14)   The Court hereby certifies, for settlement purposes only, the following settlement class:

> All persons who contracted with or through Global and received merchant services from NAB, or who were referred by NAB to Global for payment processing services, from August 31, 2009 through March 31, 2019 and who were damaged as a result of being charged: (a) a card association access fee, base assessment, or discount rate or fee charged by NAB for its services that exceeded the amount charged

in the first month of the initial contract period; (b) a "regulatory" fee, Monthly Maintenance Fee, or "FANF" fee; or (c) one of the following fees in an amount greater than its actual cost to NAB: International Acquirer Fee, AMEX Non-Swiped Transaction Fee, MasterCard US Acquirer Support Fee, MasterCard Acceptance License Fee, International Service Assessment, International and Cross Border Fees, Visa Data Transmission Fee, AMEX Network Fee, CVC2 Authorization Fee, and Discover Network Access Fee.

Excluded from the Settlement Class are Defendants; parents or subsidiaries of any defendant; any entity in which any defendant has a controlling interest; defendants' counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are the two entities that excluded themselves from the class in accordance with the provisions set forth in the notice, namely (a) Rocky Cedar Enterprises and (b) Motionsoft, Inc. and its various affiliates listed in its exclusion request that is attached as an exhibit to the Declaration of the Settlement Administrator.

(15) The Court finds that all of the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the settlement class for settlement purposes only. The settlement class, which contains roughly three hundred and seventy thousand members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement class

counsel have and will adequately and fairly protect the interests of the settlement class; and the common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement class sufficiently cohesive to warrant a class settlement.

(16)   In making all of the foregoing findings, the Court has exercised its discretion in certifying a settlement class.  Defendants have preserved all of their defenses and objections against and rights to oppose certification of a litigation class if the settlement does not become final and effective in accordance with the terms of the settlement agreement.  Neither this order nor the settlement agreement shall constitute any evidence or admission of liability by defendants, or an admission regarding the propriety of certification of any particular class for litigation purposes, nor shall this order be offered in evidence in any proceeding relating to the certification of a class.

(17)   Ken Canfield, Adam Levitt, Amy Keller, and Jonathan Palmer have adequately represented the settlement class and are hereby appointed as settlement class counsel.  T.S. Kao, Inc. d/b/a Lucky 7 Chinese Food, The Dinner Bell Café, Inc., Bill's Pizza Palm Springs, and Bill's Grill 1 LLC are hereby appointed as settlement class representatives.

## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

(18)   The Court hereby grants to class counsel a fee in the amount of $5,000,000 and expenses in the amount of $441,409.21, as provided in the settlement agreement, which the Court finds to be fully supported by the facts and applicable law.  These amounts shall be paid from the settlement fund.  The fee shall be allocated and distributed to the lawyers who participated in representing plaintiffs and the settlement class in amounts that reflect their relative contributions as determined by co-lead counsel, Ken Canfield and Adam Levitt.

(19)   The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the settlement agreement and that the agreement was not the product of collusion or fraud.  In fact, the amount of attorneys' fees and expenses to be paid was negotiated only after the other terms of the settlement had been agreed upon.  As a result, the parties' agreement is entitled to substantial weight.  *See, e.g., Strube v. Am. Equity Inv. Life Ins. Co.,* 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006).  In any event, the agreed-upon fee is warranted as it is reasonable under the applicable facts and law.

(20)   The requested fee is justified under the percentage of the common fund approach adopted by the Eleventh Circuit in *Camden I Condominium Ass'n,*

*Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991). The fee represents one-third of the $15 million cash settlement fund, which the Court finds to be reasonable, consistent with awards in similar cases, and supported by empirical studies regarding fees that have been awarded in the Eleventh Circuit following *Camden I*. The reasonableness of the requested fee is further supported by the valuable non-cash benefits available to class members, including the substantial business practice changes to which NAB has agreed and a release of liability for certain potential claims by NAB. The Court also credits the opinion of former Georgia Attorney General Michael Bowers, who attests to the reasonableness of the requested fee.

(21) In approving the requested fee, the Court has considered the factors listed in *Camden I* and related cases, including the time and labor involved; the questions and difficulty of the questions involved; the skill needed to perform the services properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; awards in similar cases; the lack of any objections by class members; the risks undertaken by class counsel; the economics involved in prosecuting class actions; and the other relevant

circumstances. The record shows that these factors support the requested fee.

(22) The settlement agreement further provides that class counsel are entitled to be reimbursed for their expenses incurred in connection with this case. Class counsel have provided a declaration that they reasonably incurred $441,409.21 in expenses on behalf of the class, roughly three-fourths of which was paid to experts. The propriety of these expenses is also supported by Mr. Bowers. The Court thus approves class counsel's request to be reimbursed for $441,409.21 in expenses, which shall be paid out of the settlement fund.

(23) The settlement agreement provides that service awards totaling $10,000 shall be paid -- $5,000 to T.S. Kao, Inc. d/b/a Lucky 7 Chinese Food and $5,000 to the owner of The Dinner Bell Café, Inc., Bill's Pizza Palm Springs, and Bill's Grill 1, LLC. The Court finds that payment of service awards is appropriate in this case in light of the class representatives' work on behalf of the class and the risk they took of being held responsible for paying defendants' legal fees and expenses pursuant to provisions in their merchant agreements with defendants. But for their service and willingness to accept this risk, the class would have received nothing. Accordingly, the Court hereby approves the awards. *See, e.g., Ingram v. Coca-Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001). The awards are to be paid from the settlement fund.

## RELEASES

(24) Pursuant to, and as more fully described in Section XII of the settlement agreement, on the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this order and final judgement shall have, fully and irrevocably released and forever discharged the Released Parties from the claims identified in Paragraphs 67–70 of the settlement agreement. The release does not affect any right of the Releasing Parties to contest for any reason any invoice sent by defendants after March 31, 2019. In addition, on the Effective Date, Defendants shall be deemed to have, and by operation of this order and final judgment shall have, fully and irrevocably released and forever discharged the Plaintiff Released Parties from the claims identified in Paragraph 72 of the settlement agreement. The capitalized terms in this paragraph have the same meaning ascribed to them in the settlement agreement.

## DISMISSAL AND FINAL JUDGMENT

(25) The Court hereby dismisses this action with prejudice as against the named plaintiffs, all members of the settlement class, and the defendants. The parties shall bear their own costs except as provided by the settlement agreement.

(26) No class representative or settlement class member, either directly, representatively or in any other capacity (other than a settlement class member

who validly and timely elected to be excluded from the settlement class), shall commence, continue or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the settlement agreement, and they are hereby permanently enjoined from so proceeding.

(27)   By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter, which the Clerk of Court is directed to immediately enter.

(28)   Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the settlement agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.  The class representatives, their counsel, defendants, and each member of the settlement class, are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the settlement agreement and this Final Order and Judgment (including without limitation the final approval of the proposed settlement, certification of the settlement class, administration and enforcement of the settlement, distribution of

settlement benefits relief to the class, and the award of attorneys' fees, expenses, and service awards) and only for such purposes.

(29) Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding.  Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto and class representatives' counsel are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## USE OF THIS ORDER

(30) That the parties have reached a settlement and participated in proceedings related to the settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, or (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the settlement agreement as may be necessary to effectuate or enforce its provisions.

(31) In the event that the settlement does not become effective according to the terms of the settlement agreement, this Order and Final Judgment shall be rendered null and void as provided by the settlement agreement, shall be vacated, and all orders entered and releases delivered in connection with the settlement shall be null and void to the extent provided by and in accordance with the settlement agreement.

## **CONCLUSION**

(32) For the reasons set forth above, the Court hereby (a) grants final approval of the settlement; (b) certifies the settlement class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves the request of class counsel for a fee of $5,000,000, expenses of $441,409.21, and service awards totaling $10,000 to the class representatives; (e) dismisses this action with prejudice as to all parties and the members of the settlement class; and (f) enters final judgment. The parties and settlement administrator are directed to carry out the settlement according to its terms.

SO ORDERED this 20th day of __August__, 2019.

s/Steve C. Jones  
The Honorable Steve Jones  
United States District Judge